DIANA L. MOORE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Moore v. Commissioner
Docket No. 28004-91
United States Tax Court
T.C. Memo 1992-415; 1992 Tax Ct. Memo LEXIS 435; 64 T.C.M. (CCH) 254; July 21, 1992, Filed *435 An appropriate order and decision will be entered. For Diana L. Moore, pro se. For Respondent: William F. Halley
GUSSIS
GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for failure to state a claim for relief pursuant to Rule 40 and for damages (now designated as a penalty) under section 6773(a)(1). See sec. 7443A(b)(4). All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioner's Federal income tax for 1988 in the amount of $ 1,009 and additions to tax under sections 6651(a)(1) and 6653(a)(1) in the respective amounts of $ 251 and $ 50. Petitioner was a resident of New Brunswick, New Jersey, at the time the petition herein was filed. Respondent's determination was based on petitioner's failure to report income in the amount of $ 11,660 in 1988 and the additions to tax set forth above. In her petition filed with the Court petitioner does little more than proclaim the now familiar and oft-rejected tax protester arguments. Petitioner argues that petitioner *436 is not a taxpayer subject to the individual income tax. She also makes arguments based upon constitutional grounds. Arguments of this tenor have been repeatedly rejected by this Court and no purpose would be served to discuss them again. See generally . None of these arguments absolve petitioner from her obligations under the Code. It is clear that petitioner is subject to the income tax laws. See secs. 1, 61(a), 6001, 6012, 7701(a)(14). Moreover, petitioner's constitutional arguments are without merit. The income tax is a tax on income and is not an excise tax. See . The constitutional validity of the income tax law has long been upheld. . Petitioner's argument is that the imposition of income taxes is subject to the rule of apportionment is devoid of any arguable basis in law. See . Rule 34(b)(4) requires that the petition shall contain clear and concise assignments of each and every error which *437 petitioner alleges to have been committed by respondent in the determination of the deficiency and additions to tax in dispute. Rule 34(b)(5) requires that the petition shall contain clear and concise lettered statements of the facts on which petitioner bases the assignments of error. Here, the petition completely fails to allege any justiciable error. Under such circumstances, respondent's motion to dismiss will be granted and decision entered for the determined deficiency and additions to tax. See ; see also . We next consider whether a penalty should be imposed on petitioner under section 6673(a)(1), which section provides that the Tax Court may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000 where it appears to the Tax Court that the proceedings before it have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceeding is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies. *438 See , affd. per curiam . Petitioner has made no meaningful effort to address respondent's determinations. The contentions and legal theories are specious and manifestly frivolous. The inescapable inference compelled by this record is that petitioner knowingly instituted and maintained this proceeding primarily for delay. We therefore conclude that petitioner is required to pay a penalty to the United States in the amount of $ 500. An appropriate order and decision will be entered.